UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION – IN ADMIRALTY

| | | |
|---|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE CBR 758 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | ADMIRALTY RULE 9(H)  CIVIL ACTION NO. |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF
LIABILITY OF SKANSKA USA CIVIL SOUTHEAST INC.
AND SKANSKA USA, INC., AS OWNERS OF THE BARGE CBR 758**

COME NOW, SKANSKA USA CIVIL SOUTHEAST INC. ("Skanska Southeast") and SKANSKA USA, INC. ("Skanska USA") (collectively herein, "Skanska"), as owners of the Barge CBR 758 (the "Vessel") her gear, tackle, etc., in a cause of exoneration from or limitation of liability, under Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F, and in support thereof would respectfully show the Court as follows:

**Jurisdiction and Venue**

1.  This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 filed pursuant to Rule 9(h) of the Supplemental Rules, all as hereinafter more fully appears.

2.  Skanska Southeast at all times material hereto was the owner of the Vessel within the meaning of the Limitation of Liability Act. Through its wholly

1

owned subsidiary Skanska USA Civil, Inc., Skanska USA owns 100% of the stock of Skanska Southeast, and is therefore an owner of the Vessel within the meaning of the Limitation of Liability Act. *Flink v. Paladini*, 279 U.S. 59 (1929); *In re Complaint of Shell Oil Company*, 780 F.Supp. 1086, 1992 AMC 2062, 2070 (E.D. La. 1991).

3. The Vessel has not been arrested or attached, and suit has been commenced against the vessel owner within this district. Accordingly, Skanska affirmatively shows that venue is proper in this district pursuant to Supplemental Rule F(9).

4. This Complaint has been filed within six months from the date of the incident made the basis of this Complaint, and thus within six months of the first written notice of claim from any claimant for losses or damages that any person, firm, corporation or other entity claims to have sustained with respect to the matters described herein.

**Facts Giving Rise to Skanska's Right to Exoneration from or Limitation of Liability**

5. The Vessel is a barge of approximately 160 feet in length, 54 feet wide and with a draft of twelve feet. Prior to and at all times hereinafter described, Skanska Southeast exercised due diligence to make and maintain the Vessel in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well

and sufficiently fitted with suitable machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the Vessel was engaged.

6.  Skanska Southeast contracted with the Florida Department of Transportation to design and construct two new spans for the Pensacola Bay Bridge and to demolish the old bridge ("the Project"). The Vessel was being used by Skanska Southeast in connection with the Project. At the time of the storm, two-way traffic was open and flowing on only one of the two new spans under construction (the "New Bridge"). The demolition of the old bridge was on going such that it was no longer open to any vehicular traffic.

7.  Despite Skanska Southeast taking all reasonable steps under the circumstances to secure the barges being used in connection with the Project, the unforeseeable and extreme winds, waves and storm surge associated with Hurricane Sally drove the Vessel into the New Bridge causing damage to the New Bridge and forcing its closure to vehicular traffic. A number of lawsuits have been filed alleging economic loss from the closure of the New Bridge. Any damage to the New Bridge and any alleged economic loss resulting from the closure of the New Bridge occurred without the "privity or knowledge" of Skanska within the meaning of the Limitation Act.

8.     Skanska desires to contest any liability of it and the Vessel for the damage allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any.  Skanska claims exoneration from or limitation of liability for any damage, and damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity.  Skanska alleges that it has valid defenses on the facts and on the law to the claims of any present and/or future claimant.  Skanska, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A., §§ 30501 to 30512, inclusive, Supplemental Rule F, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court, and is entitled to have its liability, if any, limited to the amount or value of its interest in the Vessel following the events in question.

## Potential Claims against Skanska

9.     Except as stated in Paragraph 7 above, there are no known demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the incident set forth above with respect to the Vessel, so far as known to Skanska.

10.     To the best of Skanska's knowledge, the Vessel has not been arrested to answer for any claims arising with respect to the Vessel's involvement in the incident described above, or at any other time.

3962948-1

11.     As per the Unsworn Declaration under Penalty of Perjury of Claudio Crivici attached as Exhibit "A," the value of the Vessel is One Hundred Twenty-Five Thousand and No One Hundredths Dollars ($125,000.00).  As per the Unsworn Declaration under Penalty of Perjury of Thomas J. Fulton attached as Exhibit "B," there is no pending freight.  Accordingly, the entire aggregate amount or value of Skanska's interest in the Vessel and her then pending freight does not exceed the sum of One Hundred Twenty-Five Thousand and No One Hundredths Dollars ($125,000.00).  Attached hereto as Exhibit "C" is a bond in the amount of One Hundred Twenty-Five Thousand, Five Hundred and No One Hundredths Dollars ($125,500.00) bearing interest at the rate of six percent per annum from the date of issuance as security for Skanska's potential liability to claimants and for costs as required by Supplemental Rule F(1) and Local Admiralty Rule E(4).

12.     The amount of the aforesaid claims referred to in Paragraph 7 herein potentially exceeds the amount and value of Skanska's interest in the Vessel immediately after the events in question.

13.     If it later appears that Skanska is or may be liable and the amount or value of Skanska's interest in the said Vessel, as aforesaid, is not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid sum, saving to claimants any rights to priority they may have as ordered by this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Skanska prays:

(A) That the Court issue an order approving the posted bond as security required by Supplemental Rule F(1);

(B) That the Court make an Order directing the issuance of a Notice to all persons, firms, corporations or other entities who might have any claim arising out of the involvement of the Vessel as set forth herein, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Skanska on or before the time fixed by the Court in the Notice or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Notice;

(C) That upon the approval of the bond tendered as security or upon the giving of such security as may be determined by the Court to be proper, all claims and proceedings against Skanska or Skanska's property with respect to this matter shall cease;

(D) That the Court issue an injunction enjoining the further prosecution of any action or proceeding against Skanska or Skanska's property with respect to any claim subject to limitation in this action;

(E) That the Court in this proceeding adjudge:

(i) That Skanska is not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s), and that therefore the Vessel and Skanska are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii) Alternatively, if Skanska shall be adjudged liable, then that such liability be limited to the amount or value of Skanska's interest in the Vessel, her engines, tackle, gear, and apparel, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Owner from all further liability.

(F) That Skanska has such other and further relief, both at admiralty and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Kenneth H. Tribuch*
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

AND

3962948-1

**JEREMY C. BRANNING**
Florida Bar No. 507016
**SCOTT A. REMINGTON**
Florida Bar No. 122483
**DANIEL E. HARRELL**
Florida Bar No. 105222
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

OF COUNSEL
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
CHAFFE MCCALL, LLP
(*Pro Hace Vice Motions to be filed*)

**Attorneys for Defendants, Skanska USA Civil Southeast Inc. and Skanska USA, Inc.**

8

3962948-1